NEREIDA CINTRON,

    Plaintiff,                      Civil Action No.:  3:21-cv-937

v.

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION
SERVICES,

    Defendant.

_____

## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT BY DEFENDANT, CREDIT CONTROL SERVICES, INC.

AND NOW comes Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and hereby answers the Complaint brought by Plaintiff Nereida Cintron ("Plaintiff"). In support thereof, CCS avers as follows:

## ANSWER TO JURISDICTION AND VENUE

1.    Denied. CCS denies the allegations in this paragraph as they state conclusions of law to which no response is required. To the extent a response is required, denied.

2.    Denied. CCS denies the allegations in this paragraph as they state conclusions of law to which no response is required. To the extent a response is required, denied.

3.     Denied. CCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations in this paragraph.

4.     Denied. CCS denies the allegations in this paragraph as they state conclusions of law to which no response is required. To the extent a response is required, denied.

## ANSWER TO PARTIES

5.     Admitted in part and denied in part. CCS admits that Plaintiff is a natural person and a citizen, but lacks knowledge and information sufficient to form a belief as to whether Plaintiff was a resident of St. Johns County, Florida, at all times relevant to this action and therefore denies same.

6.     Admitted in part and denied in part. CCS admits that it is a Delaware Corporation and maintains a place of business in Norwood, MA. Unless otherwise admitted, the allegations in this paragraph are denied.

## ANSWER TO DEMAND FOR JURY TRIAL

7.     Admitted in part and denied in part. CCS admits that Plaintiff seeks a jury trial regarding the claims advanced against CCS in the Complaint. CCS denies that Plaintiff is entitled to a trial by jury in the absence of any viable claims. Unless otherwise admitted, the allegations in this paragraph are denied.

## ANSWER TO FACTUAL ALLEGATIONS

8.     Admitted in part and denied in part. CCS admits that it attempted to collect an account from Plaintiff with a due and owing balance of $351.31. Whether

the debt is a "consumer" debt is a conclusion of law to which no response is required. To the extent a response is required, denied.

9.     Admitted in part and denied in part. CCS admits that Plaintiff incurred a monetary obligation to PNB Bank ("PNC"). CCS lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph and therefore denies the same.

10.     Denied. CCS lacks sufficient knowledge or information to form a belief as to the allegations of this paragraph and therefore denies the same.

11.     Admitted in part and denied in part. CCS admits is it a business entity. CCS objects to the term "soliciting consumer debts" as vague and ambiguous. As such, CCS denies the remaining allegations in this paragraph.

12.     Admitted in part and denied in part. CCS admits that, at times, it engages in the practice of collecting consumer debts owed to others. Unless otherwise admitted, the allegations in this paragraph are denied.

13.     Admitted in part and denied in part. CCS admits that, at times, it engages in the practice of collecting debts owed to others. CCS objects to the term "regularly" as vague and ambiguous. Unless otherwise admitted, the allegations in this paragraph are denied.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.    Denied. CCS denies the allegations in this paragraph as they state conclusions of law to which no response is required. To the extent a response is required, denied.

19.    Denied. CCS denies the allegations in this paragraph as they state conclusions of law to which no response is required. To the extent a response is required, denied.

20.    Admitted in part and denied in part. CCS admits that it used the services of a letter vendor whose compliance, data security and privacy practices meet or exceed industry standards for the ministerial tasks of importing electronic data from CCS into a letter template, printing and mailing letters, including those it sent to Plaintiff. CCS objects to the use of the term "transmitted" and "personal information" as vague and ambiguous. CCS denies the remaining allegations of this paragraph.

21.    Admitted in part and denied in part. CCS admits that it used the services of a letter vendor for the ministerial tasks of importing electronic data from CCS into a letter template, printing and mailing letters, including those it sent to Plaintiff. CCS objects to the use of the term "transmitted," "personal information" and "information regarding the Subject Service" as vague and ambiguous. Further responding, CCS transmitted information to its letter vendor as required to allow the vendor to print and mail letters to Plaintiff. Unless otherwise admitted, CCS denies the remaining allegations of this paragraph.

22.     Denied. The allegations of this paragraph are nonsensical to the extent Plaintiff alleges that the "Third-Party … complied Plaintiff's personal information." CCS affirmatively states that it used the services of a letter vendor for the ministerial tasks of importing electronic data from CCS into a letter template, printing and mailing letters to Plaintiff and that CCS attempted to collect Plaintiff's delinquent obligation to PNC Bank.

23.     Denied. The information that CCS provided to its letter vendor was not reviewed by any human; rather, it was transmitted from computer server to computer server as needed to print and mail letters to Plaintiff. As such, the allegation that Plaintiff's reputation was affected in any way by CCS is plainly ridiculous, particularly as Plaintiff published her private and confidential information to the public by filing an unredacted copy of the Collection Letter with this action. *See* Ex. A to Plaintiff's Complaint.

24.     Denied. CCS denies that the incidental and ministerial transfer of electronic information to a "back office" vendor is a communication *in connection with the collection of a debt*. See FTC Staff Commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097, 50104 (Dec. 13 1988); *see also White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at … companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters"). CCS denies that Section 1692c(b) of the FDCPA precludes communications "with respect to" or "regarding" a debt, just

communications "in connection with the collection of any debt" and denies that the transfer of electronic data to a medium, *i.e.*, a letter vendor, is a "communication in connection with the collection of a debt" prohibited by Section 1692c(b) of the FDCPA.

25. Denied. CCS denies that the incidental and ministerial transfer of electronic information to a "back office" vendor is a communication *in connection with the collection of a debt*. See FTC Staff Commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097, 50104 (Dec. 13 1988); *see also White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at … companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters"). CCS denies that Section 1692c(b) of the FDCPA precludes communications "with respect to" or "regarding" a debt, just communications "in connection with the collection of any debt" and denies that the transfer of electronic data to a medium, *i.e.*, a letter vendor, is a "communication in connection with the collection of a debt" prohibited by Section 1692c(b) of the FDCPA.

26. Admitted in part and denied in part. CCS admits that it sent a letter dated February 13, 2021 to Plaintiff (the "Collection Letter"), the contents of which speak for itself. *See* Ex. A to Plaintiff's Complaint. Unless otherwise admitted the allegations in this paragraph are denied.

27.     Admitted in part and denied in part.  CCS admits that Plaintiff attached a copy of what appears to be a collection letter from CCS as Exhibit A to the Complaint.  The Collection Letter, however, is mostly illegible such that CCS cannot state with certainty what letter Plaintiff attached or to whom the letter attached was sent.  Therefore, CCS lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies the same.

28.     Admitted in part and denied in part. CCS admits that Plaintiff cites to a portion of the Eleventh Circuit's *Hunstein* decision. The remaining allegations of this paragraph call for a conclusion of law and are denied as such.  CCS refers all questions of law to the Court.

29.     Admitted in part and denied in part. CCS admits that the Collection Letter includes a Quick Response ("QR") code but denies all remaining allegations in this paragraph.

30.     Denied. CCS denies that it violated the FDCPA or FCCPA.

31.     Denied. CCS denies the allegations of this paragraph and specifically denies that it violated 15 U.S.C. § 1692c(b) of the FDCPA.

32.     Denied. CCS denies the allegations of this paragraph and specifically denies that it violated 15 U.S.C. § 1692c(b) of the FDCPA.

## ANSWER TO COUNT I
## ALLEGED VIOLATION OF 15 U.S.C. § 1692c(b)

33.    No response is required to this paragraph as Plaintiff is merely incorporating her allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, CCS incorporates its responses to Paragraphs 1 through 32 as though fully set forth herein at length.

34.    Admitted in part and denied in part. CCS admits that Plaintiff quotes a portion of the FDCPA, adding emphasis thereto. Unless otherwise admitted, CCS denies the allegations in this paragraph.

35.    Admitted in part and denied in part. CCS admits that Plaintiff cites to a portion of the Eleventh Circuit's *Hunstein* decision. CCS denies the remaining allegations of this paragraph as calling for a conclusion of law. CCS refers all questions of law to the Court.

36.    CCS denies the allegations in Plaintiff's "WHEREFORE" clause. Specifically, CCS denies that Plaintiff's prayer for relief is appropriate in the absence of any viable claims.

## ANSWER TO COUNT 2
## ALLEGED VIOLATION OF FLA. STAT. § 559.72(5)

37.    No response is required to this paragraph as Plaintiff is merely incorporating her allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, CCS incorporates its responses to Paragraphs 1 through 36 as though fully set forth herein at length.

38.     Admitted in part and denied in part. CCS admits that Plaintiff quotes a portion of the FCCPA, adding emphasis thereto. Unless otherwise admitted, CCS denies the allegations in this paragraph.

39.     Denied. CCS denies the allegations in this paragraph. Further Plaintiff's allegation that CCS' acts or omissions affected Plaintiff's reputation is unreasonable, as the information at issue was merely transferred between computer servers to permit CCS' letter vendor to print and mail collection letters to Plaintiff.  Further responding, Plaintiff's allegations that her reputation was affected is nullified by Plaintiff's own inclusion of the unredacted Letter as Exhibit A to her Complaint transmitting her own personal information to the public and thereby nullifying Plaintiff's alleged harms and damages including the alleged effect on Plaintiff's reputation.

40.     CCS denies the allegations in Plaintiff's "WHEREFORE" clause. Specifically, CCS denies that Plaintiff's prayer for relief is appropriate in the absence of any viable claims.

<h3 style="text-align:center"><b><u>AFFIRMATIVE DEFENSES</u></b></h3>

<h3 style="text-align:center"><b><u>FIRST AFFIRMATIVE DEFENSE</u></b></h3>

Plaintiff has failed to state a claim upon which relief may be granted. CCS neither violated the FDCPA nor the FCCPA in the course of its collection efforts to collect Plaintiff's valid and delinquent debt obligation owed to PNC Bank, nor did it improperly communicate with a third party in connection with the collection of a debt. Therefore, Plaintiff's claims should be dismissed or withdrawn.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, CCS acted in good faith and with good cause and has not violated any rights which may be secured to Plaintiff under any federal, state, city, or local laws, rules, regulations, codes, or guidelines.

## THIRD AFFIRMATIVE DEFENSE

The secure electronic transmission of data to CCS' agent, a letter vendor, does not violate the FDCPA as it is not a communication in connection with the collection of a debt. Therefore, CCS did not violate Section 1692c(b) of the FDCPA. *See* FTC Staff Commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097, 50104, 1988 WL 269068 (F.R.) (Dec. 13 1988) ("A debt collector may contact an employee of a telephone or telegraph company in order to contact the consumer, without violating the prohibition on communication to third parties, if the only information given is that necessary to enable the collector to transmit the message to, or make the contact with, the consumer"); *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at ... companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters"); *see also* CFPB Regulation F, 85 Fed. Reg. 76734-01, 2020 WL 7014904 (F.R.) (Nov. 30, 2020) ("the Bureau understands that debt collectors can reduce the number of calls needed to establish an [right party contact] by purchasing higher-quality contact information from data vendors"); 86 Fed. Reg. 5766-01 n.446, 2021 WL 155534 (Jan. 19, 2021)

(recognizing, with approval, that "over 85 percent of debt collectors surveyed by the Bureau reported using letter vendors").

## FOURTH AFFIRMATIVE DEFENSE

The secure transmission of data from computer server to computer server does not violate the FDCPA, as there is no human review or intervention or disseminated to the public. Therefore, there is no qualitative basis for "invasion of privacy" claims.

## FIFTH AFFIRMATIVE DEFENSE

The plain text of the FDCPA contemplates the use of third-party vendors. Congress specifically approved of the use of vendors and the electronic transfer of information to vendors as conduct that did not violate the FDCPA. While a debt collector is prohibited from communication with third parties in connection with the collection of any debt, a debt collector is not prohibited from communicating with a third party "with respect to" or "regarding" a debt. Congress approved the transfer of data to vendors in the body of the FDCPA. *See* 15 U.S.C. §§ 1692b(5), 1692f(5) & 1692f(8), permitting the use of telegrams. To argue a distinction between the transfer of data to a telegram company versus the same transfer of data to a letter vendor is disingenuous. Therefore, the argument that a debt collector runs afoul of the FDCPA in connection with a communication "with respect to" or "regarding" a debt (*i.e.*, the transfer of data to a letter vendor), as opposed to a communication in connection with the collection of a debt to a third

party (*i.e.*, family members, employers, friends or neighbors) lacks any basis on law or fact.

## SIXTH AFFIRMATIVE DEFENSE

The secure electronic computer server to computer server transmission of electronic information does not interfere with or impinge on consumer protections and therefore is protected under the First Amendment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under the FDCPA or FCCPA, thus all requests for statutory damages thereunder are improper.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show any violation of the FDCPA or FCCPA, and, therefore, is not entitled to attorney's fees or costs.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate the damages with respect to the matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

The conduct of CCS at all times complied with all applicable statutes, regulations and laws; accordingly, the complaint and each purported cause of action alleged therein against CCS is barred.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her individual entitlement to statutory damages is capped at $1,000 per action, not per defendant or per violation. See *Dunn v. Advanced Credit Recovery Inc.*, 2012 U.S. Dist. LEXIS 27205 (S.D.N.Y. Mar. 1, 2012); *Healy v. Midpoint Resolution Group, LLC*, No. 09 Civ. 117S, 2010 U.S. Dist. LEXIS 21865, 2010 WL 890996, at *3 (W.D.N.Y. Mar. 10, 2010); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991).

## TWELFTH AFFIRMATIVE DEFENSE

CCS denies that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010); *Jerman v. Carlisle*, No. 1:06 CV 1397, 2011 U.S. Dist. LEXIS 40771 (N.D. Ohio Apr. 13, 2011).

## THIRTEENTH AFFIRMATIVE DEFENSE

CCS asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. See, e.g., *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

## FOURTEENTH AFFIRMATIVE DEFENSE

CCS asserts that the conduct of which Plaintiff complains is expressly authorized by the FDCPA. The FDCPA's authorization of the use of telegrams encompasses the use of print-and-mail vendors.

## FIFTEENTH AFFIRMATIVE DEFENSE

CCS specially denies that its print-and-mail vendor is a "third party" within the scope of 15 U.S.C. § 1692c(b). The special and confidential relationship between CCS and its letter vendor makes the letter vendor CCS' agent and not a third party.

## SIXTEENTH AFFIRMATIVE DEFENSE

CCS asserts that its conduct was authorized by Regulation F, 85 Fed. Reg. 76734, 86 Fed. Reg. 5766. Congress granted to the Consumer Financial Protection Bureau the power to promulgate rules implementing the FDCPA. See 15 U.S.C. § 1692l(b)(6). Therefore, the Regulation is entitled to deference pursuant to *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See also* 12 U.S.C. § 5512(b)(4)(B).

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that 15 U.S.C. § 1692c(b) does not permit debt collectors to use print-and-mail vendors, that prior restraint on speech serves no legitimate or compelling governmental interest; therefore, the prohibition violates the First Amendment, U.S. Const. Amend. I.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If the FDCPA permits a debt collector to use Western Union to transmit correspondence to a consumer but not to use a print-and-mail vendor to perform the same service, then 15 U.S.C. § 1692c(b) is void for vagueness in violation of the Fifth Amendment, U.S. Const. amend. V.

## NINETEENTH AFFIRMATIVE DEFENSE

CCS asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010). The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has suffered no concrete harm such that she lacks Article III standing to pursue these claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

CCS reserves the right to raise any other Affirmative Defenses not previously asserted in this Answer as they may arise through further investigation or discovery.

**WHEREFORE**, Defendant Credit Control Services, Inc., d/b/a Credit Collection Services, prays that this Answer be deemed good and sufficient and that claims against CCS be dismissed with prejudice; that judgment be granted in favor of CCS and that the relief requested by Plaintiff be denied and that all costs be taxed to Plaintiff. CCS respectfully requests that the Court award the requested relief as well as such other and further relief as may the Court may deem just and equitable.

Dated: September 23, 2021

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI**

By: */s/Chantel C. Wonder*
    Chantel C. Wonder
    Florida Bar No.: 0087601
    cwonder@grsm.com
    Miami Tower
    100 SE Second Street, Suite 3900
    Miami, FL 33131
    Telephone: 813-523-4945
    Facsimile 813-377-3505
    *Counsel for Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Jibrael S. Hindi
Thomas J. Patti
JIBRAEL S. HINDI, ESQ.
THOMAS J. PATTI, ESQ.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

*Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI**

By: */s/Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: 813-523-4945
Facsimile 813-377-3505
*Counsel for Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services*